# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BOBBY BOSTIC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 1:05cv0118 TCM ) |
| M.D. GLEN BABICH, DEBBIE HARDIN VINSON,[1] and PHYLLIS STANLEY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the undersigned on motions of plaintiff, Bobby Bostic, for leave to file an amended complaint and for a default judgment against defendants Dr. Glenn Babich, Debbie Vinson, and Phyllis Stanley. [Docs. 14, 23]

In his first motion, Plaintiff seeks leave to amend his complaint to add a defendant, Thomas Shanfelter, the food service manager at the Southeast Correctional Center, and allegations that his constitutional rights are being violated by the prison's dietary offerings for vegetarians such as Plaintiff. Specifically, the non-meat alternative almost exclusively offered to vegetarians are non-palatable beans.

---

[1] The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, granted Plaintiff granted leave to proceed in forma pauperis on claims against Debbie Harding and denied him leave to proceed in forma pauperis on claims against Debbie Vinson. "Debbie Harding" was named as a defendant in the caption of the case; however, the allegations against her were included in the textual description of Plaintiff's claims. Debbie Harding and Debbie Vinson are apparently the same person, Debbie Hardin Vinson. The caption of the case is amended to so reflect.

"Leave to amend under Federal Rule of Civil Procedure 15(a) 'shall be freely given when justice so requires.'" **Hammer v. City of Osage Beach, Mo.**, 318 F.3d 832, 844 (8th Cir. 2003) (quoting Fed.R.Civ.P. 15(a)). "There is, however, no absolute right to amend a pleading." **Id.** The denial of leave to amend has been affirmed in those cases in which the plaintiff seeks to add new claims against new defendants on allegations unrelated to those in the original complaint. See, e.g., **Hammer**, 318 F.3d at 844 (finding no abuse of discretion in denial of motion for leave to amend complaint to add new constitutional claim unrelated to those in first two complaints); **Williams v. Campbell**, 25 Fed.Appx. 477, 478 (8th Cir. 2001) (per curiam) (finding no abuse of discretion in denying § 1983 plaintiff leave to amend complaint to add new claim and more defendants); **Fuller v. Secretary of Defense of U.S.**, 30 F.3d 86, 88-89 (8th Cir. 1994) (finding no abuse of discretion in denial of motion for leave to amend complaint to add ten new defendants and "substantially different claims"); **Brown v. Wallace**, 957 F.2d 564, 566 (8th Cir. 1992) (per curiam) (holding to same effect in prisoner § 1983 case); **Lee v. Armontrout**, 991 F.3d 487, 489 (8th Cir. 1993) (per curiam) (same). In cases in which no abuse of discretion was found, it was noted that the unsuccessful plaintiff could present his new claims in a new action. See **Brown**, 957 F.3d at 566; **Lee**, 991 F.2d at 489.

Plaintiff's allegations of cruel and unusual punishment arising from the vegetarian menu are unrelated to his claims of denial of adequate medical treatment for his skin lesions, irritable bowel syndrome, and dental problems. These are the claims on which he has been granted leave to proceed in forma pauperis. He may assert his unrelated dietary claims in

a new action, subject, of course, to frivolity review if he wishes to proceed in forma pauperis on those claims.

Plaintiff also moves for a default judgment against defendants Babich, Vinson, and Stanley. A waiver of service was filed on behalf of these defendants on December 16, 2005. An answer was filed on behalf of Babich and Vinson only on February 14, 2006. They are not, therefore, in default and Plaintiff's motion will be denied as to these two defendants.

Stanley is in default. It is apparent to the undersigned that this is an oversight. A waiver of service was executed on behalf of all three defendants; a joint answer was filed on behalf of two. Although there is a "strong judicial policy against default judgments," **Oberstar v. F.D.I.C.**, 987 F.2d 494, 504 (8th Cir. 1993), a served defendant is still obligated to file a responsive pleading. Defendants shall be ordered to show cause why a default should not be entered against Phyllis Stanley.

The undersigned notes that Debbie Hardin Vinson filed a motion to dismiss on February 14, 2006. A response to this was due on February 27. Just as the undersigned is giving defendant Stanley the courtesy of assuming an oversight, so shall the undersigned extend the same courtesy to Plaintiff. He will be granted an extension of time up to and including March 31, 2006, within which to file a response to the motion to dismiss.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**. [Doc. 14]

**IT IS FURTHER ORDERED** that defendant Phyllis Stanley show cause within fifteen days of the date of this Order why default should not be entered against her.

**IT IS FINALLY ORDERED** that Plaintiff is granted an extension of time **up to and including March 31, 2006,** within which to file a response to Debbie Hardin Vinson's motion to dismiss.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of March, 2006.