UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BOBBY BOSTIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:05CV00118 ERW |
| | ) |
| GLEN BABICH et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Debbie Hardin Vinson's Motion to Dismiss [doc. #21], Plaintiff Bobby Bostic's Motion for Injunctive Relief [doc. #48], Plaintiff Bobby Bostic's Motion for Physical Examination [doc. #56], and Defendant Thomas Shanfelter's Motion to Dismiss [doc. #58].

### I. BACKGROUND FACTS

In his Amended Complaint,[1] Plaintiff Bobby Bostic ("Plaintiff"), a prisoner at Southeast Correctional Center ("SECC"), brings suit against several individuals currently or formerly employed by SECC: (1) Glenn Babich, a medical doctor at SECC; (2) Debbie Hardin Vinson, a nurse at SECC; (3) Phyllis Stanley, a medical supervisor at SECC; and (4) Thomas Shanefelter, a food services

---

[1] In his Original Complaint, Plaintiff alleged that: (1) he was denied due process regarding a conduct violation; (2) he is being denied adequate medical treatment for his skin lesions, irritable bowel syndrome, and dental problems; and (3) he has been denied access to the courts. Upon review under 28 U.S.C. § 1915(e), it was determined that: (1) the claims against Defendants Babich, Stanley, and Hardin Vinson regarding the denial of adequate medical care survive § 1915(e) review; (2) the due process claim regarding a conduct violation should be dismissed; and (3) the access to the courts claim should be dismissed. On May 16, 2006, Plaintiff was granted leave to file an Amended Complaint, adding Defendant Thomas Shanefelter.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

manager at SECC. Plaintiff seeks declaratory, injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged denial of medical care, in violation of his Eighth Amendment right to be free of cruel and unusual punishment, and denial of his right to equal protection under the law.

The Prison Litigation Reform Act requires prisoners to exhaust their administrative remedies before filing a suit contesting conditions of confinement under § 1983. *See* 42 U.S.C. § 1997e(a). This requires exhaustion of each and every claim against each and every defendant prior to filing suit in federal court. *See Abdul-Muhammad v. Kempker*, 450 F.3d 350, 352 (8th Cir. 2006); *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). "If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory." *Abdul-Muhammad*, 450 F.3d at 352.

According to his Amended Complaint, Plaintiff advances claims against four defendants: Glenn Babich, Debbie Hardin Vinson, Phyllis Stanley, and Thomas Shanefelter. Defendant Shanefelter points out that Plaintiff has failed to exhaust his administrative remedies against him because Plaintiff has never filed any IRR or Grievance naming him as a respondent. Defendant Shanefelter provides a copy of Plaintiff's administrative file in support of his contention that Plaintiff has failed to exhaust his administrative remedies. Plaintiff provides no evidence to the contrary, instead pointing to an "Interoffice Communication" dated October 14, 2004, attached to Plaintiff's Amended Complaint, from Defendant Shanefelter to Casey Gist, who is apparently a prison employee associated with Housing Unit #1. The communication states that Food Service is not punishing vegetarians; that the menu planning policy states that the meat alternative will be beans, cheese, or peanut butter; that beans will be served as a vegetarian substitute for all meals if there are beans left over from the previous meal; and that, if there is a medical reason that beans cannot be served, an

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

alternative other than beans would be served. *See* Am. Complaint (attachment). This is a communication between two prison employees and does not establish that Plaintiff exhausted his administrative remedies with respect to Defendant Shanefelter. Because Plaintiff has failed to establish that he exhausted his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act and the Eighth Circuit's requirements under *Abdul-Muhammad*, dismissal of Plaintiff's Amended Complaint is required.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Debbie Hardin Vinson's Motion to Dismiss [doc. #21] is **DENIED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that Plaintiff Bobby Bostic's Motion for Injunctive Relief [doc. #48] is **DENIED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that Plaintiff Bobby Bostic's Motion for Physical Examination [doc. #56] is **DENIED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that Defendant Thomas Shanfelter's Motion to Dismiss [doc. #58] is **GRANTED**.

An appropriate Order of Dismissal shall accompany this Order.

Dated this 22nd day of August, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com